AO 91 (Rev. 11/11) Criminal Complaint                                     AUSA Paul Schied (312) 697-4091

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KEJUAN BRYANT

CASE NUMBER: 24CR526

FILED
11/13/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count One

On or about November 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a) | knowingly and intentionally possessing with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance. |

### Count Two

On or about November 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code 924(c)(1)(A) | knowingly possessing a firearm during and in relation to a drug trafficking crime for which defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a). |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*/s/ Alexandra Brandt*
ALEXANDRA BRANDT
Task Force Officer
Drug Enforcement Administration (DEA)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: <u>November 13, 2024</u>

*Judge's signature*

City and state: <u>Chicago, Illinois</u>

<u>M. DAVID WEISMAN, U.S. Magistrate Judge</u>
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, ALEXANDRA BRANDT, being duly sworn, state as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA), and have been so employed for three years. My current responsibilities include the investigation of narcotics trafficking offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that KEJUAN BRYANT has violated Title 21, United States Code, Section 841(a) and Title 18, United States Code, Section 924(c)(1)(A). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging BRYANT with possession with intent to distribute a controlled substance and possessing a firearm during and in relation to a drug trafficking crime, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, my training and experience, information provided to me by other law enforcement agents, and the training and experience of other law enforcement officers with whom I have spoken.

I. FACTS SUPPORTING PROBABLE CAUSE

4. In summary, on November 13, 2024, KEJUAN BRYANT, who resides at 1537 W. Asher Street, Chicago, Illinois, possessed over 50 pounds of marijuana, over $100,000 in cash, and four firearms.

5. At approximately 5:56 a.m. on November 13, 2024, law enforcement arrived at 1537 W. Asher Street to execute a federally-issued search warrant for the premises. KEJUAN BRYANT, identified by comparison to his driver's license, opened the front door of the single-family townhome located at 1537 W. Asher Street. BRYANT, a child, and an infant were the only people present in the home. Photographs of BRYANT were present throughout the house, including an approximately five-foot tall portrait of BRYANT in the basement. Bank documents in BRYANT's name were also in the basement.

6. Pursuant to the warrant, agents searched the kitchen of the residence and found the following:

    a. approximately four bundles of cash on the kitchen counter;

    b. two medium-sized bags containing bundles of cash above the refrigerator;

    c. approximately ten stacks of cash in a kitchen cabinet;

    d. a large jar with multiple small, knotted plastic bags containing suspected marijuana;

    e. multiple small, sealed plastic bags with colorful logos containing suspected marijuana in two kitchen drawers; and

      f.      three firearms, in the same kitchen cabinet as the cash.

7.      The packaging of the suspected marijuana found in the kitchen drawers matched empty, unused packaging found in the hallway and garage of the residence.

8.      The three firearms recovered from the kitchen cabinet were: a Ruger LCP 380, serial #372331082; a Glock 17 9mm, serial #BFZU351; and Sig Sauer P365 9mm, serial 66B622159.

9.      Agents searched the master bedroom and found the following:

      a.      a Beretta 9mm, serial #A132227X wrapped in a man's white t-shirt in the closet;

      b.      adult men's and women's clothing;[1]

      c.      a bundle of cash in a man's pair of pants;

      d.      a stack of cash on a dresser; and

      e.      a stack of cash in a drawer.

10.      Based on my training and experience, and the training and experience of other law enforcement officers with whom I have consulted, because narcotics traffickers are engaged in illegal activity and, therefore, cannot rely on law enforcement to protect them against theft, they possess and use firearms to provide their own protection, including protection of their narcotics inventory and the proceeds of their narcotics trafficking.

11.      Agents searched the basement and found the following:

---

[1] The other bedroom in the home contained only children's clothes.

3

      a.    approximately 48 vacuum-sealed bags of suspected marijuana, weighing approximately one pound each;

      b.    a suitcase containing documents and bank statements in BRYANT's name;

      c.    a medium-sized bag in the same suitcase containing bundles of cash;

      d.    an approximately five-foot tall portrait of BRYANT and a woman;

12.    The vacuum-sealed bags of suspected marijuana were labelled with what, in my training and experience, I believe to be the names of "strains" or "flavors" of marijuana. A sample from an open bag found in the basement field-tested positive for marijuana.

13.    Based on my training and experience, the packaging and quantity of marijuana recovered from the home are indicative of narcotics distribution, not personal use.

14.    Based on my training and experience, the bundling and denominations of cash recovered from the home are indicative of narcotics proceeds. The cash recovered from the home is estimated to be over $100,000.

## II.    CONCLUSION

15.    Based on the foregoing facts, I respectfully submit that there is probable cause to believe that, on or about November 13, 2024, KEJUAN BRYANT (a) knowingly and intentionally possessed with intent to distribute a controlled

substance, namely, a quantity of marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and (b) knowingly possessed a firearm, during and in relation to a drug trafficking crime for which defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute a controlled substance, in violation of Title 18, United States Code, Section 924(c)(1)(A).

FURTHER AFFIANT SAYETH NOT.

*/s/ Alexandra Brandt*
ALEXANDRA BRANDT
Task Force Officer
Drug Enforcement Administration

SWORN TO AND AFFIRMED by telephone November 13, 2024.

Honorable M. DAVID WEISMAN
United States Magistrate Judge

5